UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MAYER AMSCHEL ROTHSCHILD,

    Plaintiff,

v.                                     Case No.:  2:24-cv-1099-SPC-KCD

AETNA HEALTH INC.,

    Defendant.

## OPINION AND ORDER

This dispute is before the Court *sua sponte*. On December 4, 2024, Defendant Aetna Health Inc. filed its Motion to Dismiss. (Doc. 7). Plaintiff Mayer Amschel Rothschild, proceeding *pro se*, did not file a response in opposition to the motion or request an extension of time to do so. So on January 2, 2025, the Court issued an Order to Show Cause to respond by January 9, 2025, warning him that under Local Rule 3.01(c), "[i]f a party fails to timely respond, the motion is subject to treatment as unopposed." (Doc. 10). The Court observed that "it does not appear Plaintiff is diligently prosecuting this action or opposing adverse judgment" and cautioned Plaintiff that "[f]ailure to comply with this Order may result in the dismissal of this action without further notice." (*Id.* (citing M.D. Fla. L.R. 3.10). Nonetheless, Plaintiff failed to respond to the Order to Show Cause or request an extension of time to do so.

Under these circumstances, the Court considers whether dismissal of this case is appropriate. It is. First, Local Rule 3.10 of the United States District Court for the Middle District of Florida provides that "[a] plaintiff's failure to prosecute diligently can result in dismissal if the plaintiff in response to an order to show cause fails to demonstrate due diligence and just cause for delay." Further, Federal Rule of Civil Procedure 41(b) provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b). The Supreme Court has explained that dismissal under Rule 41(b) does not require a motion from a defendant. *See Link v. Wabash R. Co.*, 370 U.S. 626, 630 (1962) (rejecting argument that Rule 41(b) prohibits involuntary dismissals for failure of plaintiff to prosecute except on motion by defendant). Rather, "[t]he authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an inherent power, governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* (cleaned up).

Here, Plaintiff received copies of both the motion to dismiss and the Order to Show Cause. (Doc. 7 at 24; Doc. 10). But Plaintiff did not respond to

either filing, much less show "due diligence and just cause for delay." In the Eleventh Circuit, a district court "may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order." *Equity Lifestyle Props., Inc. v. Fla. Mowing And Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)). Given Plaintiff's failure to respond to the Order to Show Cause, dismissal is appropriate. The only question is whether dismissal should be with or without prejudice.

Dismissal with prejudice for failure to prosecute is a "sanction . . . to be utilized only in extreme situations" and requires that a court "(1) conclude a clear record of delay or willful contempt exists; and (2) make an implicit or explicit finding that lesser sanctions would not suffice." *Thomas v. Montgomery Cnty. Bd. of Educ.*, 170 F. App'x 623, 625–26 (11th Cir. 2006) (cleaned up) (quoting *Morewitz v. West of Eng. Ship Owners Mut. Prot. & Indem. Ass'n (Lux.)*, 62 F.3d 1356, 1366 (11th Cir. 1995)); *see also Taylor v. Spaziano*, 251 F. App'x 616, 619 (11th Cir. 2007) (citation omitted). By contrast, dismissal without prejudice for failure to prosecute is not an adjudication on the merits; and, therefore, courts are afforded greater discretion in dismissing claims in this manner. *See Taylor*, 251 F. App'x at 619.

This Court carefully exercises its discretion to dismiss cases and—while this case is a close call because Plaintiff has failed to respond whatsoever to

3

*two* filings—concludes that dismissal of this action without prejudice is warranted. *See Coleman v. St. Lucie Cnty. Jail*, 433 F. App'x 716, 719 (11th Cir. 2011) (upholding dismissal without prejudice for failure to prosecute Section 1983 complaint, where plaintiff did not respond to court order to supply defendant's current address for purpose of service); *Taylor*, 251 F. App'x at 620–21 (upholding dismissal without prejudice for failure to prosecute, because plaintiffs insisted on going forward with deficient amended complaint rather than complying, or seeking an extension of time to comply, with court's order to file second amended complaint); *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802–03 (11th Cir. 2006) (upholding dismissal without prejudice for failure to prosecute Section 1983 claims, where plaintiff failed to follow court order to file amended complaint and court had informed plaintiff that noncompliance could lead to dismissal). While Plaintiff's lack of diligence is disturbing, on balance, this is not the type of "extreme situation" warranting dismissal with prejudice.

Thus, this case is dismissed under the Court's inherent authority and Rule 41(b) for Plaintiff's failure to comply with the Court's Order to Show Cause and for want of prosecution.

Accordingly, it is now

**ORDERED:**

1. This case is **DISMISSED WITHOUT PREJUDICE** under Rule 41(b) for failure to prosecute.

2. The Clerk is **DIRECTED** to enter judgment, terminate all pending motions or deadlines, and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on January 16, 2025.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record